UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                  :

UNITED STATES OF AMERICA        :

                - v. -                   :          23 Cr. 113 (GHW)

JAMES KELLY,                         :

                    Defendant.    :

------------------------------------------------------x

# THE GOVERNMENT'S MOTIONS *IN LIMINE*

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Katherine Cheng
Georgia V. Kostopoulos
David R. Felton
Assistant United States Attorneys

- Of Counsel -

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 5

FACTUAL BACKGROUND .................................................................................................... 5

ARGUMENT .............................................................................................................................. 8

I.     EVIDENCE OF THE OCTOBER 10, 2021 ROBBERY IS ADMISSIBLE
UNDER RULE 404(B) ................................................................................................... 8

II.    EVIDENCE OF THE DEFENDANT'S DECEMBER 5, 2022 ENCOUNTER
WITH NYPD OFFICER WHELAN IS ADMISSIBLE UNDER RULE 404(B) ...... 17

CONCLUSION ........................................................................................................................ 20

# **TABLE OF AUTHORITIES**

**Cases**

*United States v. Alcantara,*
   674 F. App'x 27 (2d Cir. 2016) .................................................................................. 16-17

*United States v. Apostolupuos,*
   2005 WL 2482525 (S.D.N.Y. Oct. 6, 2005) ...................................................................... 18

*United States v. Bermudez,*
   529 F.3d 158–63 (2d Cir. 2008) .......................................................................................... 21

*United States v. Carboni,*
   204 F.3d 39 (2d Cir. 2000) ........................................................................................... 13, 17

*United States v. Carlton*,
   534 F.3d 97–02 (2d Cir. 2008) .................................................................................. 15-16, 18

*United States v. Danzey*,
   594 F.2d 905 (2d Cir. 1979) ......................................................................................... 13, 18

*United States v. Graziano*,
   558 F. Supp. 2d 304–23 (E.D.N.Y. 2008) ..................................................................... 21-22

*United States v. Kornegay,*
   641 F. App'x 79 (2d Cir. 2016) .................................................................................... 16, 18

*United States v. Laflam,*
   369 F.3d 153 (2d Cir. 2004) ........................................................................................ 13, 19

*United States v. Livoti,*
   196 F.3d 322 (2d Cir. 1999) .......................................................................................... 13-14

*United States v. McCallum*,
   584 F.3d 471–75 (2d Cir. 2009) ................................................................................... 13, 19

*United States v. Mills*,
   895 F.2d 897 (2d Cir. 1990) ............................................................................................... 13

*United States v. Paulino*,
   445 F.3d 211 (2d Cir. 2006) ..................................................................................... 12-13, 19

*United States v. Pizarro,*
   2018 WL 1737236 (S.D.N.Y. Apr. 10, 2018) .................................................................... 18

*United States v. Rahim,*
   339 F. App'x 19 (2d Cir. 2009) .......................................................................................... 14

*United States v. Robinson*,
   560 F.2d 507 (2d Cir. 1977) ............................................................................................... 17

*United States v. Roldan-Zapata*,

    916 F.2d 795 (2d Cir. 1990) .................................................................................................. 14

*United States v. Rucker*,
    586 F.2d 899 (2d Cir. 1978) .................................................................................................. 13

*United States v. Speed*,
    272 F. App'x 88–92 (2d Cir. 2008) ............................................................................ 16, 18-19

*United States v. Taylor*,
    767 F. Supp. 2d 428 (S.D.N.Y. 2010) .................................................................................... 17

*United States v. Tubol*,
    191 F.3d 88 (2d Cir. 1999) .................................................................................................... 13

*United States v. Williams*,
    205 F.3d 23–34 (2d Cir. 2000) ........................................................................................ 14, 20

*United States v. Williams*,
    526 F. App'x 29 (2d Cir. 2013) ........................................................................................ 14, 20

*United States v. Zackson*,
    12 F.3d 1178 (2d Cir. 1993) .................................................................................................. 13

**Statutes**

18 U.S.C. § 924 ........................................................................................................................... 7
18 U.S.C. § 1951 ......................................................................................................................... 7

**Other**

Fed. R. Evid. 403 ................................................................................................................. 13, 18
Fed. R. Evid. 404 ............................................................... 7, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22

## PRELIMINARY STATEMENT

In advance of the trial scheduled to begin on January 29, 2024, in the above-captioned case, the Government respectfully submits the following motions *in limine* seeking:

1. An order permitting the Government to introduce evidence of the defendant's commission of a prior similar robbery in October 2021 pursuant to Federal Rule of Evidence 404(b) as evidence of the defendant's intent, preparation, plan, knowledge, identity, and *modus operandi*, and

2. An order permitting the Government to introduce narrowly tailored evidence of a New York City Police Department ("NYPD") officer's prior encounter with the defendant in December 2022 pursuant to Federal Rule of Evidence 404(b) as evidence of the defendant's identity, to explain how that officer was familiar with the defendant such that he was able to identify the defendant on a surveillance video still of the charged robbery.

## FACTUAL BACKGROUND

On March 1, 2023, the defendant was charged in a two-count indictment for (1) committing a Hobbs Act robbery of a deli store on January 15, 2023, in the Bronx, in violation of 18 U.S.C. § 1951; and (2) using, carrying, or possessing a firearm during, in relation to, or in furtherance of that Hobbs Act robbery, which firearm was brandished, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). (Dkt. 9.) Before committing the charged robbery, the defendant had committed a previous robbery of another deli store that shared substantial similarities with the charged January 15, 2023 robbery. In addition, in the period between that prior robbery and the charged robbery, the defendant was also arrested in connection with a separate incident involving a third deli store in the same vicinity of the two robberies.[1]

The October 10, 2021 Robbery

On Sunday October 10, 2021, at approximately 8:50 p.m., the defendant walked into a deli store in the Bronx and waited until only the store clerk was inside with no customers. As captured

---

[1] The Government's evidence regarding the prior robbery and the separate subsequent arrest have been produced to the defendant in discovery.

on surveillance footage, the defendant was wearing all black – a black jacket over a black hoodie sweatshirt, black pants, black sneakers, a black brimmed hat with a black hood pulled up over the hat, and a black face mask. He went behind the store counter, asked for marijuana and money, and threatened to kill and shoot the clerk, as captured on the audio portion of the store's surveillance video. The store clerk removed approximately $1,500 from the cash register and handed it to the defendant. Although the defendant did not openly display a firearm, he had his hands in his pocket in a manner consistent with holding a firearm out of sight. As the defendant was walking out of the store, he directed the clerk to lie down on the ground and threatened again to "shoot the shit out of [the clerk]" if the clerk moved.

Later that night, the store clerk positively identified the defendant from a set book, explaining to NYPD officers that he knew the defendant for at least a year leading up to the October 10, 2021 robbery because the defendant had been visiting the deli store repeatedly during that period. Moreover, the store clerk informed the NYPD that the defendant lived or spent significant time near the 800 East 180th Street area of the Bronx, *i.e.*, an area that was approximately two blocks from the robbed store.[2]

The December 5, 2022 Arrest

Approximately one year later, on Monday December 5, 2022, NYPD received a report that earlier that morning, an individual stole money from another deli store located about a five-minute walk from the deli store that had been robbed on October 10, 2021. In connection with that incident, NYPD officer Joseph Whelan, along with others, arrested the defendant that evening, when the defendant was standing near the area outside of the deli store that had reported the incident. In connection with arresting the defendant, Officer Whelan accompanied the defendant to the precinct

---

[2] The robbed store was located at 718 East 180th Street in the Bronx.

and vouchered the items recovered from the defendant in connection with his arrest.

The Charged Robbery

Approximately one month after his December 5, 2022 arrest, on Sunday January 15, 2023, at around 2:50 a.m., the defendant robbed another deli store, which was located diagonally across the street, less than 250 feet, from the store involved in the December 5, 2022 incident.[3] Surveillance footage of the January robbery shows that the defendant waited outside the store until all the customers had left, then went inside, wearing a gray jacket over a black hoodie sweatshirt with the hood pulled up over a black brimmed hat, black pants, white sneakers, and a black face mask. The defendant openly carried a firearm in his hand as he walked behind the counter and demanded money, threatening to shoot. The store clerk took approximately $400 in cash from the register, put it into a plastic bag, and put it on the counter. The defendant grabbed the bag and walked out of the store.

He then crossed the street and headed into a gated area surrounding a residential apartment building located at 820 East 180th Street, which is located less than 250 feet from the robbed deli store. While wearing the same clothing from the robbery, the defendant entered a stairwell of that building and changed his clothes, but he continued to wear the same sneakers from the robbery. He then climbed seven flights of stairs in the stairwell before exiting at on the seventh floor, where he used a key to enter apartment 7U. During the period that the robber entered the gated area of the building and entered and exited the building's stairwell, no other individual entered or exited, based on surveillance footage. Although the apartment building does not have cameras on the ground floor of the stairwell, and thus did not capture the defendant changing out of the robbery

---

[3] The deli store involved in the December 5, 2022 incident was located at 2109 Southern Boulevard in the Bronx, and the deli store robbed on January 15, 2023 was located at 838 East 180th Street in the Bronx.

clothing, there are cameras on each subsequent floor in the stairwell, and the defendant can be seen unmasked, wearing a black hooded sweatshirt, and carrying a bag that contains the pants he wore during the commission of the robbery, as he climbs the stairs to the seventh floor.[4]

NYPD Officer Whelan – who had arrested the defendant about a month earlier on December 5, 2022 – viewed a still image captured from the surveillance footage of the stairwell of 820 East 180th Street showing the robber climbing the seven flights of stairs shortly after the charged robbery and positively identified him as the defendant, whom he recognized from his December 2022 arrest of the defendant. The defendant was subsequently arrested, charged federally for the January 2023 robbery and for brandishing a firearm in connection with that robbery, and transferred to federal custody on February 3, 2023, where he has remained.

## ARGUMENT

I. **Evidence of the October 10, 2021 Robbery Is Admissible Under Rule 404(b)**

   A. **The Evidence at Issue**

At trial, the Government expects to introduce testimony that will show that the January 15, 2023 robbery charged in the instant case is very similar to the defendant's prior robbery committed on October 10, 2021. Specifically, both robberies occurred on Sundays, around the middle of the month, and during the nighttime, when fewer people were out and about. The robberies also took place during the colder part of the year – October and January – when being fully covered with darker, long-sleeved clothing, jackets, and head and face coverings would be less conspicuous.

Moreover, the defendant robbed two deli stores in very close proximity to each other, only a couple blocks from the Bronx Zoo. The two stores were located only about a five-minute walk

---

[4] Deli store surveillance footage of the robbery shows that the perpetrator wore black pants with white stripes along the sides, and the surveillance footage from the stairwell of the residential building shows the defendant carrying a bag containing black cloth with white stripes.

8

from each other, and they both appeared to be familiar locations to the defendant. In the first robbery, the store clerk identified the defendant as the robber because he had known the defendant from working at the store for the past year. In the charged robbery, the store was presumably familiar to the defendant because it was the store located across the street from his residence. In both of the robberies, the defendant appeared to act alone, and he committed the robberies when the stores were open but there were no other customers inside. He specifically waited for all customers to leave before he initiated the robberies. He wore similar clothing while committing both robberies: a long-sleeved jacket over a black hoodie sweatshirt, black pants, a black face mask, a black brimmed hat underneath a hood, which was pulled up over the hat, and sneakers. After entering each of the two victim stores, the defendant proceeded to walk behind the store counter to confront and threaten the store clerk. In the October 10, 2021 robbery, the defendant appeared to possess a concealed firearm in his pocket and explicitly threatened to shoot the store clerk. In the charged January 15, 2023 robbery, the defendant openly carried a handgun in his hand inside the deli store and also threatened to shoot the clerk. In both robberies, the defendant stole hundreds of dollars in cash after the store clerks took money out of the cash register and provided it to him. He did not take money out of the registers himself. After receiving the cash, the defendant walked out of each of the two robbed stores, and there is no indication that he used a getaway vehicle for either of the robberies.

Below is a table summarizing the similarities between these two robberies:

**Table 1: Similarities Between the October 2021 Robbery and the Charged Robbery**

|  | **October 2021 Robbery** | **Charged Robbery** |
| --- | --- | --- |
| Date | Oct. 10, 2021 | Jan. 15, 2023 |
| Day of the week | Sunday | Sunday |
| Time of day | Nighttime (9 pm) | Nighttime (3 am) |
| Target | Deli Store | Deli Store |
| Location | Near Bronx Zoo | Near Bronx Zoo |

| Store open? | Yes | Yes |
|---|---|---|
| Prior familiarity with store | Yes | Yes |
| Goods Stolen | Cash only | Cash only |
| Participants | Defendant only | Defendant only |
| Clothing worn by robber | Black long-sleeved jacket over a black hoodie sweatshirt<br>Black long pants<br>Black brimmed hat underneath a black hood<br>Black face mask<br>Black sneakers | Gray long-sleeved jacket over a black hoodie sweatshirt<br>Black long pants<br>Black brimmed hat underneath a black hood<br>Black face mask<br>White sneakers |
| Method of confronting store clerk | Wait until no customers then go behind the counter | Wait until no customers then go behind the counter |
| Force Threatened or Used | Simulated firearm in pocket and verbally threatened to shoot the clerk | Displayed a handgun and verbally threatened to shoot the clerk |
| Getaway Vehicle? | No | No |

Based on the substantial similarities between the two robberies, evidence concerning the prior October 10, 2021 robbery is admissible under Federal Rule of Evidence 404(b) to prove the defendant's intent, preparation, plan, knowledge, identity, and/or *modus operandi*.

### B. Applicable Law

Rule 404(b) permits the admission of uncharged crimes, wrongs, or other acts for purposes other than proving criminal propensity, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).[5] The Second Circuit "has long adopted an 'inclusionary' approach to the admission of uncharged crime evidence, under which evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir. 2006); *see also United States v. McCallum*, 584 F.3d 471, 474–75 (2d Cir. 2009);

---

[5] Unless otherwise indicated, quotations omit internal quotation marks, citations, and alterations.

*United States v. Laflam*, 369 F.3d 153, 156 (2d Cir. 2004). It is well settled that "other acts" evidence is admissible under Rule 404(b) so long as the evidence: (1) is advanced for a proper purpose; (2) is relevant to a disputed issue at trial; (3) has probative value that is not substantially outweighed by unfair prejudice (in other words, is not excludable under Federal Rule of Evidence 403); and (4) the court administers an appropriate limiting instruction. *McCallum*, 584 F.3d at 475.

In addition to purposes such as showing knowledge, intent, preparation, and plan, Rule 404(b) permits evidence of similar acts to prove identity where the defendant has committed a highly similar prior crime, *i.e.*, a *modus operandi*. *United States v. Mills*, 895 F.2d 897, 907 (2d Cir. 1990); *see also United States v. Rucker*, 586 F.2d 899, 903 (2d Cir. 1978) ("sufficient parallel" between charged acts and prior conviction such that prior conviction had "real probative value"). To that end, the Second Circuit has "allowed proof of prior bad acts to show identity where the defendant used very similar methods in the charged crime and the prior bad act." *United States v. Tubol*, 191 F.3d 88, 95 (2d Cir. 1999); *see also United States v. Danzey*, 594 F.2d 905, 911 (2d Cir. 1979) (evidence of prior acts were probative because there was "a 'close parallel' between the crime charged and the prior act").

The Court has broad latitude to determine whether to admit evidence pursuant to Rule 404(b). *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). Where evidence is offered for a proper purpose under this Rule, it may be excluded only if the probative value of the evidence is "substantially outweighed" by the danger of unfair prejudice. *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993); *see also* Fed. R. Evid. 403. Evidence is not unduly prejudicial under Rule 403 when it is not "more inflammatory than the charged crime[s]." *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999); *United States v. Rahim*, 339 F. App'x 19, 23 (2d Cir. 2009)

11

(introduction of 404(b) evidence not prejudicial because "the evidence was not more sensational than the evidence of the charged crime and did not consume a major portion of the trial time"); *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (introduction of 404(b) evidence not prejudicial because it "represented only a tiny fraction of the testimony heard by the jury, and did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged").

Further, to the extent there is any risk that the jury may make an impermissible propensity inference, such risk is appropriately addressed through a limiting instruction. *See United States v. Williams*, 205 F.3d 23, 33–34 (2d Cir. 2000); *see also United States v. Williams*, 526 F. App'x 29, 35 (2d Cir. 2013) (approving district court's admission of Rule 404(b) evidence and noting that "the court administered an appropriate limiting instruction, telling the jury that the evidence could only be considered with respect to the issue of knowledge or intent").

### C. Discussion

Evidence of the defendant's commission of a prior deli store robbery on October 10, 2021 is highly probative and not unduly prejudicial, especially in light of the Second Circuit's inclusionary approach to Rule 404(b). At trial, the Government intends to offer evidence, including surveillance footage of the robbery as well as witness testimony about the robbery and the identification of the robber, not to show that the defendant had the propensity to commit crimes, but for the proper purpose of proving identity through a common *modus operandi*, as well as for the purposes of establishing intent, knowledge, preparation, and plan.

Evidence pertaining to the October 10, 2021 robbery is highly probative to establishing the defendant's identity through a common *modus operandi* and to rebut anticipated trial defenses based on identity. As set forth above, the October 10, 2021 robbery is substantially similar to the

robbery charged in this case. In both of the robberies, the defendant acted alone to rob deli stores on Sundays around the middle of the month, in the nighttime, after waiting for all the customers in the stores to leave. The two robberies were in the same location, only five minutes walking distance apart. The defendant wore clothing with very similar characteristics in both robberies – including a black face mask, a black brimmed hat underneath a black hood pulled up over the hat, long black pants, sneakers, and a long-sleeved jacket over a hoodie sweatshirt. In both robberies, he went behind the counter to approach the store clerk and threatened to shoot the clerk. In the October robbery, he appeared as if he possessed a gun in his pocket, and in the charged robbery, he openly carried a handgun inside the deli store. He stole cash from both stores after causing the store clerks to open the cash registers and provide him with the money. And in both cases, the defendant traveled to and from the robbery location on foot, without using a getaway vehicle.

Furthermore, the victim of the October 10, 2021 robbery stated that he recognized the robber from his prior dealings with the defendant over the course of a year leading up to the robbery, and believed that the robber lived or spent significant time in the vicinity of 800 East 180th Street, which is both where the charged January 2023 robbery occurred and where the perpetrator of the January 2023 robbery fled to after committing the robbery.[6]

In cases involving robberies similar to the one charged here, and where identity is an issue, judges in this District have routinely admitted evidence of the defendant's prior robberies for the same purposes that the Government intends to in this case. *See, e.g.*, *United States v. Carlton*, 534 F.3d 97, 101–02 (2d Cir. 2008) (district court did not err in admitting evidence regarding defendant's past robberies under Rule 404(b) where the similarities between the past robberies and those

---

[6] The deli store robbed on January 15, 2023 was located at 838 East 180th Street, and the robber used a key to enter an apartment located at 820 East 180th Street after the January 2023 robbery.

13

charged, including, "location, the takeover style of the robberies, [and] the use of a getaway car" established the existence of a pattern relevant to proving the defendant's identity); *see also, e.g.*, *United States v. Kornegay*, 641 F. App'x 79, 84 (2d Cir. 2016) (affirming district court's admission of evidence of an uncharged robbery under Rule 404(b) because the "very substantial similarities" between a 2008 robbery and the robberies charged—including robbing stores while they were open, stealing the same types of items from the same types of stores, and using the same method of physically obtaining the stolen items"—established the 2008 robbery as *modus operandi* and, therefore, admissible identity evidence); *United States v. Speed*, 272 F. App'x 88, 91–92 (2d Cir. 2008) (affirming district court's admitting evidence of defendant's 1986 robbery conviction to prove defendant's identity based on similarities in clothing and in method of fleeing the robbery). Here too, the considerable similarities between the October 2021 robbery and the charged robbery – including the day of the week and nighttime execution of the robberies, the location robbed, type of store, clothing worn, means of obtaining property, manner of threat asserted, property stolen, involvement of a firearm, fact that the defendant acted alone, and means of transportation to and from the robberies – are highly probative to establish the defendant's identity through a common *modus operandi* and to rebut anticipated trial defenses challenging whether it was the defendant who carried out the charged robbery.

Courts within the Second Circuit have also admitted "other act" evidence pursuant to Rule 404(b) to prove knowledge and intent "when such other acts are similar to the crime with which a defendant stands charged[.]" *United States v. Alcantara*, No. 13 Cr. 0119 (LTS), 2015 WL 13215025, at *3 (S.D.N.Y. Jan. 28, 2015), *aff'd*, 674 F. App'x 27 (2d Cir. 2016). Here, the Government intends to introduce evidence pertaining to the October 2021 robbery to prove that the defendant had the knowledge and intent to carry out the charged robbery at issue in this case.

Specifically, the defendant's successful completion of the prior October 2021 robbery demonstrates his ability to acquire and threaten the use of a firearm, his use of a particular style of clothing and face and head coverings to conceal himself, his preference for robbing deli stores in the specific vicinity in which the charged robbery occurred, and his aptitude for executing a nighttime robbery of a store that he was already familiar with. These aspects of the October 2021 robbery, among others, demonstrate that the defendant had "the requisite intent and knowledge to participate" in the charged robbery at issue in this case. *United States v. Taylor*, 767 F. Supp. 2d 428, 440 (S.D.N.Y. 2010) (admitting evidence pertaining to defendant's other robbery of a pharmacy under Rule 404(b) to demonstrate that the defendant had the intent and knowledge to participate in the charged Hobbs Act robbery conspiracy of a pharmacy); *see also, e.g.*, *United States v. Robinson*, 560 F.2d 507, 513 (2d Cir. 1977) (upholding admission of evidence of defendant's gun ownership in bank robbery case to show that defendant had opportunity to commit the crime through access to an instrument similar to that which was used in commission of the bank robbery).

Evidence pertaining to the prior October 2021 robbery is also admissible under Rule 404(b) to establish preparation and plan. *Carboni*, 204 F.3d at 44. The defendant had past experience successfully executing a robbery; indeed, he replicated several aspects of the prior October 2021 robbery in executing the January 2023 robbery charged in this case, *see* pages 8–10, *supra*. Here, evidence of the prior October 2021 robbery is relevant to the charged robbery at issue in this case because it establishes that the defendant understood how to best plan and prepare to execute subsequent robberies in the same close vicinity, on the same day of the week, and under similar circumstances. *See, e.g.*, *United States v. Pizarro*, No. 17 Cr. 151 (AJN), 2018 WL 1737236, at *6 (S.D.N.Y. Apr. 10, 2018) (recognizing relevance of evidence of defendant's prior robberies under Rule 404(b) because such evidence demonstrated the defendant's understanding of "how best to

15

plan or prepare to execute another robbery").

Evidence of the October 2021 robbery is admissible under Rule 404(b), and it is not unfairly prejudicial under Rule 403. By their nature, when "similar acts are offered to prove design[,] . . . common design evidence is always highly prejudicial." *Danzey*, 594 F.2d at 914–15. Here, however, the prior October 2021 robbery does not involve "conduct more sensational or disturbing" than the robberies at issue in this case. *United States v. Apostolupuos*, No. 04 Cr. 1220 (RCC), 2005 WL 2482525, at *3 (S.D.N.Y. Oct. 6, 2005). Indeed, as set forth above, the prior robbery and the robbery at issue in this case share several similarities with respect to their execution and design.

The fact that approximately two years have passed between the October 2021 robbery and the charged January 2023 robbery neither diminishes the prior robbery's relevance, nor renders admission of the prior robbery unfairly prejudicial. Courts in this District have previously admitted evidence of prior robberies under Rule 404(b) under similar and much longer elapsed time frames between the prior and charged robberies. *See, e.g., Kornegay*, 641 F. App'x at 84 (affirming district court's admission of an uncharged 2008 robbery under Rule 404(b) due to its similarities with charged robberies spanning December 2009 through March 2010); *Carlton*, 534 F.3d at 101–02 (affirming admission under Rule 404(b) of a 1997 robbery conviction during a trial involving a charged 2004 robbery); *Speed*, 272 F. App'x at 91–92 (affirming admission of a robbery conviction from approximately nineteen years before the charged robbery conspiracy under Rule 404(b)).[7] Therefore, the amount of time elapsed between the prior October 2021 robbery and the charged January 2023 robbery does not diminish its admissibility under Rule 404(b).

---

[7] For these cases, the dates of the prior robberies and the charged robberies were obtained from the parties' briefing on appeal.

For all of the foregoing reasons, the Government should be permitted to introduce evidence pertaining to the October 10, 2021 prior robbery under Rule 404(b).

## II. Evidence of the Defendant's December 5, 2022 Encounter with NYPD Officer Whelan Is Admissible Under Rule 404(b)

In addition to admitting evidence of the prior October 2021 robbery, the Court should also permit the Government to offer narrowly tailored evidence of the defendant's arrest by NYPD Officer Whelan on December 5, 2022 because Officer Whelan's interactions with the defendant as part of that arrest allowed the officer subsequently, one month later, to identify the defendant from surveillance images showing the perpetrator of the charged January 15, 2023 robbery. Thus, under Rule 404(b), the Government seeks to elicit testimony from Officer Whelan to establish the context for how he knew the defendant prior to his identification of the defendant as the perpetrator of the charged January 15, 2023 robbery.

As set forth above, *supra* I.B., Rule 404(b) allows evidence of uncharged crimes, wrongs or other acts to be admitted for purposes other than proving criminal propensity, including for identity, and the Second Circuit has adopted an "inclusionary" approach for the admission of such evidence. *E.g.*, *Paulino*, 445 F.3d at 221; *Laflam*, 369 F.3d at 156. Evidence of such other acts is admissible under Rule 404(b) where it is relevant to a disputed issue in the crimes charged, being advanced for a proper purpose, and has probative value not substantially outweighed by any unfair prejudicial effect. *McCallum*, 584 F.3d at 475. Moreover, any risk that the jury may impermissibly draw a propensity inference from the evidence is appropriately minimized through a limiting instruction. *See, e.g.*, *Williams*, 205 F.3d at 33–34; *Williams*, 526 F. App'x at 35.

Here, Officer Whelan's testimony that he was able to identify the perpetrator of the charged January 2023 robbery based on his prior, lengthy in-person encounter with the defendant a month earlier in December 2022, in the same vicinity in which the January 2023 robbery occurred, is

17

admissible under Rule 404(b) because it is highly probative of the defendant's identity. Such testimony provides necessary context for Officer Whelan's knowledge of the defendant and would allow the jury to assess Officer Whelan's credibility and the reliability of his identification of the defendant, with minimal risk of prejudice to the defendant. Because the perpetrator of the January 2023 robbery was fully masked with his head covered during the robbery, the Government expects that the defense will heavily dispute the identity of the robber at trial, which in turn renders Officer Whelan's identification of the defendant a critical piece of evidence toward establishing identity. Moreover, without Officer Whelan's ability to testify about the basis for his knowledge of and prior familiarity with the defendant, the jury would be severely limited in its ability to assess Officer Whelan's testimony relating to his identification of the defendant. Evidence relating to Officer Whelan's interactions with the defendant on December 5, 2022 is therefore highly probative and is being offered not to suggest any criminal propensity of the defendant, but rather for the permissible purposes of establishing the defendant's identity in the charged robbery and to give context for Officer Whelan's identification of the defendant under Rule 404(b).

The Government does not intend to elicit testimony about the December 5, 2022 incident that led to the defendant's arrest that day, as the Government recognizes that such testimony may be prejudicial to the defendant. Rather, the Government seeks to admit more limited and neutral evidence of Officer Whelan's December 2022 encounter with the defendant. Specifically, the Government seeks to offer testimony that Officer Whelan had an extended, approximately 25 minute, direct, close, in-person encounter with the defendant on the evening of December 5, 2022, where he could see the defendant's face and head completely unobscured, along with the defendant's build, how the defendant carried himself and moved, and the clothing and accessories he was

18

wearing. He also spoke to the defendant during the interaction and could clearly hear the defendant's voice and manner of speaking. In addition, the Government would offer that at the beginning of the interaction, Officer Whelan had approached the defendant while the defendant was standing outside 2111 Southern Boulevard, in the Bronx, which is across the street from the deli store robbed on January 15, 2023, and that not only were others also present for the interaction, but the interactions between the Officer and the defendant were captured on video. The Government does not intend to elicit the fact that this interaction was an arrest at all, or to what it related.

Under these circumstances, Officer Whelan's limited testimony about his prior interaction with the defendant on December 5, 2022 for the purposes of establishing and supporting his identification of the defendant are permitted under Rule 404(b). Moreover, any potential risk of unfair prejudice is eliminated through the Court additionally providing a limiting instruction directing the jury not to consider the evidence for any impermissible purpose, including that there is no assertion in connection with the December 5, 2022 police interaction that the defendant did anything wrong that day and that the jury should not speculate about the reasons for or nature of that police interaction. *Cf. United States v. Bermudez*, 529 F.3d 158, 161–63 (2d Cir. 2008) (affirming admission of officer's testimony that he overheard defendant's drug-related comments prior to the defendant's arrest because the officer's credibility and account of events "was at the heart of the case" and any unfair prejudice was minimized by the Court's detailed limiting instructions); *United States v. Graziano*, 558 F. Supp. 2d 304, 319–23 (E.D.N.Y. 2008) (admitting evidence of a series of interactions between the defendant and the victim in the years before the charged arson at issue because such evidence was "critical" for the jury's assessment of intent and motive, and any unfair

prejudice could be addressed through a limiting instruction). Therefore, limited testimony by Officer Whelan describing the context for his knowledge and identification of the defendant from his December 5, 2022 interaction with the defendant is admissible under Rule 404(b).

## **CONCLUSION**

For the foregoing reasons, the Government's motions *in limine* should be granted.

Dated: New York, New York
November 20, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: */s/*
Katherine Cheng
Georgia V. Kostopoulos
David R. Felton
Assistant United States Attorneys
(212) 637-2492 / -2291 / 2299