UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                        :

  UNITED STATES OF AMERICA        :

                           :

     - v. -                   :

                           :     23 Cr. 113 (GHW)

  JAMES KELLY,               :

                           :

           Defendant.       :

                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## **THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Katherine Cheng
Georgia V. Kostopoulos
David R. Felton
Assistant United States Attorneys
    *Of Counsel*

# TABLE OF CONTENTS

REQUEST NO. 1  General Requests ............................................................................ 2

REQUEST NO. 2  The Indictment ............................................................................. 3

REQUEST NO. 3  Summary of the Indictment .......................................................... 4

REQUEST NO. 4  Count One: Robbery Elements of the Offense ............................... 5

REQUEST NO. 5  Count One: Robbery  First Element – Property of Another ............ 6

REQUEST NO. 6  Count One: Robbery  Second Element – Taking by Actual or Threatened Force, Violence, or Fear ......................................................................................... 7

REQUEST NO. 7  Count One: Robbery  Third Element – Interference with Interstate or Foreign Commerce ...................................................................................................... 9

REQUEST NO. 8  Count One: Robbery Fourth Element – Unlawfully and Knowingly ........... 11

REQUEST NO. 9 Count Two: Firearms Offense ...................................................... 12

REQUEST NO. 10 Count Two: Firearms Offense Elements of the Offense ............... 13

REQUEST NO. 11 Count Two: Firearms Offense First Element – "Using," "Carrying," or "Possessing" ........................................................................................................... 14

REQUEST NO. 12 Count Two: Firearms Offense  Second Element – "During and in Relation to a Crime of Violence" .......................................................................................... 17

REQUEST NO. 13 Count Two: Firearms Offense Third Element – "Knowingly" and "Unlawfully" ......................................................................................................... 18

REQUEST NO. 14 Count Two: Firearms Offense Brandish ...................................... 19

REQUEST NO. 15 Variance in Dates ...................................................................... 20

REQUEST NO. 16 Venue ....................................................................................... 21

REQUEST NO. 17 Defendant's Testimony *[If Applicable]* ...................................... 22

REQUEST NO. 18 The Defendant's Right Not to Testify [*If Applicable*] ................. 23

REQUEST NO. 19 Testimony of Law Enforcement Officers ..................................... 24

REQUEST NO. 20 Testimony of Experts [*If Applicable*] .......................................... 25

REQUEST NO. 21 Particular Investigative Techniques Not Required [*If Applicable*] ............... 26

REQUEST NO. 22 Preparation of Witnesses [*If Applicable*] ...................................................... 27

REQUEST NO. 23 Use of Evidence Obtained by the Government ................................................ 28

REQUEST NO. 24 Use of Recordings and Transcripts ................................................................. 29

REQUEST NO. 25 Uncalled Witness – Equally Available or Unavailable to Both Sides [*If Applicable*] ................................................................................................................................... 30

REQUEST NO. 26 Persons Not on Trial ...................................................................................... 31

REQUEST NO. 27 Stipulations [*If Applicable*] ......................................................................... 32

REQUEST NO. 28 Charts and Summaries .................................................................................... 33

REQUEST NO. 29 Conclusion ..................................................................................................... 34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :

   UNITED STATES OF AMERICA          :

                                      :

        - v. -                 :

                                      :    23 Cr. 113 (GHW)

   JAMES KELLY,                   :

                                      :

              Defendant.       :

                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

1

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court provide its usual instructions with respect to the following matters:

a.      Function of Court and Jury

b.      All Parties as Equals Before the Court

c.      What Is and Is Not Evidence

d.      Rulings on Evidence and Objections

e.      Burden of Proof and Presumption of Innocence

f.      Reasonable Doubt

g.      Government Treated Like Any Other Party

h.      Definitions and Examples of Direct and Circumstantial Evidence

i.      Inferences

j.      Credibility of Witnesses

k.      Interest in Outcome

l.      Right to See Exhibits and Have Testimony Read During Deliberations

m.      Sympathy:  Oath as Jurors

n.      Punishment Is Not to Be Considered by the Jury

o.      Consider Each Count Separately

p.      Verdict of Guilt or Innocence Must be Unanimous

**REQUEST NO. 2**

**The Indictment**

The defendant is formally charged in an Indictment.  The Indictment is a charge or accusation.  It is not evidence.  Before you begin your deliberations, you will be provided with a copy of the Indictment.  Therefore, I will not read the entire Indictment at this time.  Instead, I will first summarize the counts charged in the Indictment, and then I will explain in detail the elements of the charged offenses.

## REQUEST NO. 3

### Summary of the Indictment

The Indictment in this case charges the defendant, JAMES KELLY, in two counts. Although there are facts in common to the different counts, each count constitutes a separate crime. Therefore, you must consider each count separately and return a separate verdict on each count.

Count One charges that on or about January 15, 2023, the defendant robbed a deli convenience store in the Bronx, New York.

Count Two charges that the defendant used and brandished a firearm in connection with the robbery alleged in Count One.

I will explain each count in turn. I remind you that you must consider each count separately and return a separate verdict on each count.

4

**REQUEST NO. 4**

**Count One: Robbery**

**Elements of the Offense**

Count One of the Indictment charges the defendant with robbery.

Specifically, Count One reads as follows:

[The Court is respectfully requested to read Count One.]

To meet its burden of proving the robbery charged in Count One, the Government must prove the following four elements beyond a reasonable doubt:

First, the defendant knowingly obtained or took the personal property of another, or from the presence of another, or aided and abetted another in doing so;

Second, the defendant did so against the victim's will by actual or threatened force, violence or fear of injury, whether immediately or in the future;

Third, as a result of the defendant's actions, interstate or foreign commerce, or an item moving in interstate or foreign commerce, was delayed, obstructed, or affected in any way or degree; and

Fourth, the defendant acted unlawfully and knowingly.

> Adapted from the jury charges of the Honorable Gregory H. Woods in *United States v. Spencer*, 21 Cr. 193 (GHW) (S.D.N.Y. 2022), and the Honorable Richard J. Sullivan in *United States v. Sepulveda*, 18 Cr. 363 (RJS) (S.D.N.Y. 2019), and *United States v. Hussain*, 12 Cr. 45 (RJS) (S.D.N.Y. 2013), and the Honorable William H. Pauley III in *United States v. Davis*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 50-1.

## REQUEST NO. 5

### Count One: Robbery

### First Element – Property of Another

The first element of the robbery offenses charged in Count One, which the Government must prove beyond a reasonable doubt, is that the defendant knowingly obtained the personal property of another from the person or from the presence of another.  The term "property" includes tangible and intangible things of value.  Money is considered "property."

> Adapted from the jury charges of the Honorable Nelson S. Roman in *United States v. Molina*, 19 Cr. 449 (NSR) (S.D.N.Y. 2021); and the Honorable Richard J. Sullivan in *United States v. Sepulveda*, 18 Cr. 363 (RJS) (S.D.N.Y. 2019), and *United States v. Hussain*, 12 Cr. 45 (RJS) (S.D.N.Y. 2013).

**REQUEST NO. 6**

**Count One: Robbery**

**Second Element – Taking by Actual or Threatened Force, Violence, or Fear**

The second element of the robbery offenses, which the Government must prove beyond a reasonable doubt, is that the defendant took the personal property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future. It is not necessary that the force, violence, and fear were all used or threatened. It is sufficient that any of these methods was employed.

In considering whether a defendant used or threatened to use force, violence, or fear, you should give those words their common and ordinary meaning, and understand them as you normally would. The force, violence, or threat does not have to be directed at the person whose property was taken. The use of a threat of force or violence might be aimed at a third person. A threat may be made verbally or by a physical gesture. Whether a statement or physical gesture by a defendant actually was a threat depends upon the surrounding facts.

Fear exists if at least one victim experiences anxiety, concern, or worry over expected personal harm or business loss. The existence of fear must be determined by the facts existing at the time of a defendant's actions.

Your decision whether a defendant used or threatened fear of injury involves a decision about the victim's state of mind at the time of a defendant's actions. It is obviously impossible to ascertain or prove directly a person's subjective feeling. You cannot look into a person's mind to see what his or her state of mind is or was. But a careful consideration of the circumstances and evidence should enable you to decide whether fear would reasonably have been the victim's state of mind.

7

Looking at the situation and the actions of people involved may help you determine what their state of mind was. You can consider this kind of evidence – which is called "circumstantial evidence" – in deciding whether a defendant tried to obtain property through the use or threat of fear.

[*If applicable*: You also heard the testimony of some witnesses describing their state of mind – that is, how they felt – at a certain moment in time. This testimony was allowed to help you in deciding whether a defendant attempted to take property by fear. You should consider this testimony for that purpose only.]

It is not necessary that the fear be a consequence of a direct threat; it is sufficient that the surrounding circumstances render the victim's fear reasonable. In order to convict a defendant on this basis, you must find that a reasonable person would have been fearful in the circumstances.

> Adapted from the jury charges of the Honorable Nelson S. Roman in *United States v. Molina*, 19 Cr. 449 (NSR) (S.D.N.Y. 2021); and the Honorable Richard J. Sullivan in *United States v. Sepulveda*, 18 Cr. 363 (RJS) (S.D.N.Y. 2019), and *United States v. Hussain*, 12 Cr. 45 (RJS) (S.D.N.Y. 2013); *see* Sand, *Modern Federal Jury Instructions*, Instr. 50-5, 50-6.

**REQUEST NO. 7**

**Count One: Robbery**

**Third Element – Interference with Interstate or Foreign Commerce**

The third element that the Government must prove is that the robbery affected or would have affected interstate or foreign commerce.

The requirement of showing an effect on commerce involves only a minimal burden of proving a connection to interstate or foreign commerce, and is satisfied by conduct that affects commerce in any way or degree. The requirement may be satisfied by a showing of a very slight effect on interstate or foreign commerce. Even a potential or subtle effect on commerce will suffice. The requirement may be satisfied by a showing that the target of the robbery was a business engaged in interstate or foreign commerce. A business is engaged in interstate or foreign commerce when it serves out-of-state or foreign customers, purchases commodities that travel in interstate or foreign commerce, or purchases goods in-state that originated out-of-state or out of the country.

With regard to this element, it is not necessary for the Government to prove that commerce actually was affected by the defendant's conduct. It is sufficient if the robbery possibly or potentially would have affected interstate or foreign commerce.

It is also not necessary for you to find that the defendant intended or anticipated that the effect of his acts would be to affect interstate or foreign commerce, or that the defendant had a purpose to affect commerce. All that is necessary is that the natural effect of the acts committed by the defendant would affect interstate or foreign commerce.

Nor do you have to decide whether the effect on interstate or foreign commerce was or would have been harmful or beneficial to a particular business, or to commerce in general. The

Government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether harmful or not.

> Adapted from the jury charges of the Honorable Nelson S. Roman in *United States v. Molina*, 19 Cr. 449 (NSR) (S.D.N.Y. 2021); and the Honorable Richard J. Sullivan in *United States v. Sepulveda*, 18 Cr. 363 (RJS) (S.D.N.Y. 2019), and *United States v. Hussain*, 12 Cr. 45 (RJS) (S.D.N.Y. 2013); *see* Sand, *Modern Federal Jury Instructions*, Instr. 50-7.

**REQUEST NO. 8**

**Count One: Robbery**

**Fourth Element – Unlawfully and Knowingly**

The final element that the Government must prove beyond a reasonable doubt is that the defendant acted unlawfully and knowingly.

"Unlawfully" simply means contrary to law.  But the Government is not required to show that the defendant knew that he was breaking any particular law.  Rather, the Government need only prove that the defendant was aware of the generally unlawful nature of his acts.

"Knowingly" means deliberately and purposefully.  The defendant's acts must have been the product of his conscious objective, rather than the product of mistake, or accident or mere negligence.

The defendant's knowledge is a matter of inference from the facts proved.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence and based upon a person's outward manifestations of his words, his conduct, his acts and all of the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

> Adapted from the jury charges of the Honorable Gregory H. Woods in *United States v. Spencer*, 21 Cr. 193 (GHW) (S.D.N.Y. 2022), and the Honorable Paul A. Engelmayer in *United States v. Aljermiah Mack and Anthony Ellison*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019); and the Honorable Richard J. Sullivan in *United States v. Sepulveda*, 18 Cr. 363 (RJS) (S.D.N.Y. 2019).

**REQUEST NO. 9**

**Count Two: Firearms Offense**

I will now turn to the firearms offense charged in Count Two of the Indictment.

Count Two alleges a violation of Section 924(c) of the Federal Criminal Code. That provision makes it a crime for any person, "during and in relation to any crime of violence . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."

Count Two is a firearms count connected to the robbery charged in Count One.

Count Two charges as follows: [The Court is respectfully requested to read Count Two.]

**REQUEST NO. 10**

**Count Two: Firearms Offense**

**Elements of the Offense**

To find the defendant guilty of the firearms offense alleged in Count Two, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that on or about the date alleged in the Indictment, the defendant used or carried or possessed a firearm, or any combination of those acts.

<u>Second</u>, that the defendant used or carried the firearm during and in relation to the robbery charged in Count One, or that the defendant possessed a firearm in furtherance of the robbery charged in Count Two.

<u>Third</u>, that the defendant acted knowingly and unlawfully.

> Adapted from the jury charge of the Honorable Richard J. Sullivan in *United States v. Sepulveda*, 18 Cr. 363 (S.D.N.Y. 2019); and the Honorable Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (LAK) (S.D.N.Y. 2004), and the Honorable Paul A. Engelmayer in *United States v. Powell*, 18 Cr. 287 (PAE) (S.D.N.Y. 2023); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 35-87.

13

**REQUEST NO. 11**

**Count Two: Firearms Offense**

**First Element – "Using," "Carrying," or "Possessing"**

With respect to Count Two, the first element the Government must prove beyond a reasonable doubt is that on or about the date set forth in the Indictment, the defendant used, carried, or possessed a firearm.

<u>"Firearm"</u>

A firearm under the statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." In considering the specific element of whether the defendant used or carried or possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a firearm.

<u>"Use"</u>

In order to prove that the defendant used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the robbery charged in Count Two. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

14

<u>"Carry"</u>

In order to prove that the defendant carried the firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within his control so that it was available in such a way that it furthered the commission of the crime.  The defendant need not have held the firearm physically, that is have had actual possession of it on his person.  If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the robbery charged in Count Two, you may find that the Government has proven that the defendant carried the weapon.

<u>"Possess"</u>

The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession – that is, having physical custody or control of an object, as I possess this pen.  If you find that a defendant had the firearm on his person, therefore, you may find that the defendant had possession of it.  But a person need not have actual, physical possession, that is, physical custody of an object, in order to be in legal possession of it.  If a person has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that article.  This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item and another person who has actual physical custody.  The person having control "possesses" the firearm, because he has an effective working relationship with the person who has actual physical custody of the firearm, and

because he can direct the movement or transfer or disposition of the firearm.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained.  In this manner, for example, a businessperson may possess things that are scattered throughout a number of stores or offices or installations around the country.  Proof of ownership of the firearm is not required.

> Adapted from the jury charge of the Honorable Richard M. Berman
> in *United States v. Sharpe*, S2 15 Cr. 288 (RMB) (S.D.N.Y. 2017);
> *see also* Sand, *Modern Federal Jury Instructions*, Instr. 56-4.

## REQUEST NO. 12

### Count Two: Firearms Offense

### Second Element – "During and in Relation to a Crime of Violence"

The second element that the Government must prove beyond a reasonable doubt as to Count Two is that the defendant used or carried a firearm during and in relation to a crime of violence, or, in the alternative, that he possessed a firearm in furtherance of such a crime.

"In relation to" means that the firearm must have had some purpose, role, or effect with respect to the crime of violence. This requirement is satisfied if the firearm facilitated, or had the potential to facilitate, the crime of violence, here the robbery charged in Count One.

To possess a firearm "in furtherance of a crime of violence" requires that the defendant possessed a firearm and that the possession advanced or moved forward the crime. The mere presence of a firearm is not enough. Possession in furtherance requires that the possession be incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

You are instructed that the robbery alleged in Count One of the Indictment qualifies under the law as a crime of violence.

> Adapted from the jury charges of the Honorable Richard M. Berman in *United States v. Sharpe*, S2 15 Cr. 288 (RMB) (S.D.N.Y. 2017), and the Honorable Kimba M. Wood in *United States v. Conyers*, 17 Cr. 94 (KMW) (S.D.N.Y. 2017).

## REQUEST NO. 13

### Count Two: Firearms Offense

### Third Element – "Knowingly" and "Unlawfully"

The third element that the Government must prove beyond a reasonable doubt is that the defendant knew that he was using, carrying, or possessing a firearm and that he acted knowingly and unlawfully in doing so.

An act is done "knowingly" and "unlawfully" if it is done deliberately and purposefully; that is, a defendant's actions must have been his or her conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.  I've already defined the terms "knowingly" and "unlawfully."  You should apply the definitions I've already given you.

> Adapted from the jury charge of the Honorable Richard J. Sullivan in *United States v. Sepulveda*, 18 Cr. 363 (RJS) (S.D.N.Y. 2019), and the Honorable Paul A. Engelmayer in *United States v. Powell*, 18 Cr. 287 (PAE) (S.D.N.Y. 2023), and the Honorable Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (LAK) (S.D.N.Y. 2004).

18

**REQUEST NO. 14**

**Count Two: Firearms Offense**

**Brandish**

If, and only if, you find the defendant guilty of Count Two as I just explained to you, then you must make a special finding on that count.  Specifically, you must determine whether or not, during a defendant's use, carrying, or possession of a firearm, he brandished the firearm.

To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.  Your finding as to brandishing must be beyond a reasonable doubt.  In addition, it must be unanimous in that all of you must agree that a firearm was brandished.

You will be provided with a verdict form that will include a space for you to indicate your determination with respect to this issue.

Adapted from the jury charge of the Honorable Richard J. Sullivan
in *United States v. Sepulveda*, 18 Cr. 363 (RJS) (S.D.N.Y. 2019).

**REQUEST NO. 15**

**Variance in Dates**

You'll note that the Indictment alleges that certain acts occurred on or about a particular date. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.

The law only requires a substantial similarity between the date alleged in the Indictment and the date established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence. Thus, it is not necessary for the Government to prove, for example, the exact dates specified in any of the counts.

> Adapted from the jury charge of the Honorable Gregory H. Woods
> in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021);
> *see also* Sand, *Modern Federal Jury Instructions* Instr. 3-12.

## REQUEST NO. 16

### Venue

In addition to the elements I have described for you in the Indictment, you must also decide—with respect to each of the counts charged—whether any act in furtherance of the crimes occurred within the Southern District of New York.  I instruct you that the Southern District of New York includes all of the Bronx, New York.  In this regard, the Government need not prove that any crime was committed entirely in this District or that the defendant was present here. It is sufficient to satisfy this element if any act in furtherance of the crime you are considering occurred within this district.

On this issue, and this issue alone, the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. The Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists. But I remind you that the Government must prove all other elements of the offenses beyond a reasonable doubt.

> Adapted from the jury charges of the Honorable Gregory H. Woods in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021), the Honorable Nelson S. Roman in *United States v. Molina*, 19 Cr. 449 (NSR) (S.D.N.Y. 2021), the Honorable Alvin K. Hellerstein in *United States v. Kloszewski*, No. S5 16 Cr. 200 (AKH) (S.D.N.Y. 2017), and the Honorable Richard J. Sullivan in *United States v. Merlino*, No. S44 16 Cr. 522 (RJS) (S.D.N.Y. 2018); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

## REQUEST NO. 17

## Defendant's Testimony

### *[If Applicable]*

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate the defendant's testimony just as you would the testimony of any witness.

Adapted from Jury Charge of the Hon. Edgardo Ramos, *United States v. Maddawar*, 15 Cr. 627 (ER) (S.D.N.Y. 2018).

## REQUEST NO. 18

### The Defendant's Right Not to Testify

#### [*If Applicable*]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from the jury charge of the Honorable Gregory H. Woods
> in *United States v. Calogne*, 20 Cr. 523 (GHW) (S.D.N.Y. 2021);
> *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

## REQUEST NO. 19

### Testimony of Law Enforcement Officers

You have heard testimony of law enforcement officers.  The fact that a witness may be employed by the Government does not mean that the witness's testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  At the same time, defense counsel may try to attack the credibility of a law enforcement witness on the grounds that the witness's testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from jury charge of the Honorable Gregory H. Woods in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 7-16.

## REQUEST NO. 20

## Testimony of Experts

## [*If Applicable*]

You have heard testimony from what we call an expert witness. An expert is someone who by education or experience has acquired learning or experience in a science or specialized area of knowledge. Such a witness is permitted to give his or her opinions as to relevant matters in which he or she professes to be expert and gives his or her reasons for those opinions. Expert testimony is presented to you on the theory that someone who is experienced in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony you may consider the witness's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not however, accept expert testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Adapted from the jury charge of the Honorable Gregory H. Woods in *United States v. Depeyster*, No. 19 Cr. 253 (GHW) (S.D.N.Y. 2020).

**REQUEST NO. 21**

**Particular Investigative Techniques Not Required**

**[*If Applicable*]**

You have heard reference in the arguments in this case to the fact that certain investigative techniques were used by the Government and that certain others were not used.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the jury charge of the Honorable Gregory H. Woods
> in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021);
> *see also* Sand, *Modern Federal Jury Instructions*, Instr. 4-4.

## REQUEST NO. 22

## Preparation of Witnesses

### [*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for testifying and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the jury charge of the Honorable Gregory H. Woods
> in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021).

## REQUEST NO. 23

### Use of Evidence Obtained by the Government

You have heard testimony about evidence obtained in connection with seizures and searches conducted by law enforcement officers, including pursuant to search warrants. Evidence obtained in this manner was properly admitted in this case and may be properly considered by you. Such searches and seizures were entirely appropriate law enforcement actions.

Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I instruct you that the Government's use of the evidence is entirely lawful.

You must give this evidence full consideration, regardless of how you feel about it, along with all the other evidence in the case in determining whether the Government has proven each defendant's guilt beyond a reasonable doubt.

> Adapted from the jury charges of the Honorable Jesse M. Furman
> in *United States v. Ansah*, No. 19 Cr. 752 (JMF) (S.D.N.Y. 2021),
> and the Honorable Gregory H. Woods in *United States v. Grant*,
> 16 Cr. 489 (GHW) (S.D.N.Y. 2018).

**REQUEST NO. 24**

**Use of Recordings and Transcripts**

**[*If Applicable*]**

Audio and video recordings of various telephone conversations and events have been admitted into evidence. You were also provided with transcripts as an aid to certain recordings, but it is the recordings that are the evidence. Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

If you wish to hear any of the recordings again, or see any of the transcripts of those recordings, they will be made available to you during your deliberations.

Adapted from the jury charge of the Honorable Gregory H. Woods
in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021).

29

**REQUEST NO. 25**

**Uncalled Witness – Equally Available or Unavailable to Both Sides**

**[*If Applicable*]**

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from the jury charge of the Honorable Gregory H. Woods
in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021).

30

**REQUEST NO. 26**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You may also not speculate as to the reasons why any other person is not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the jury charge of the Honorable Gregory H. Woods
in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021).

**REQUEST NO. 27**

**Stipulations**

**[*If Applicable*]**

You have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.

Adapted from the jury charge of the Honorable Gregory H. Woods
in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021).

**REQUEST NO. 28**

**Charts and Summaries**

**[*If Applicable*]**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

> Adapted from the jury charge of the Honorable Gregory H. Woods
> in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021).

33

**REQUEST NO. 29**

**Conclusion**

I've now outlined for you the rules of law applicable to this case and the processes by which you weigh the evidence and determine the facts. You are now about to begin your deliberations on the issues of fact that have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues in this case and render a true verdict.

When you retire to the jury room and begin your deliberations, your first task will be to select a foreperson, but, of course, his or her vote is entitled to no greater weight than that of any other juror.  If you do not wish to select a foreperson, Juror No. 1 will serve as the foreperson by default.

We have prepared a verdict form for you to use in recording your decisions. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.  If you are divided, do <u>not</u> report how the vote stands. And if you have reached a verdict do not report what it is until you are asked in open court.

Your function now is to weigh the evidence in the case and determine whether or not the defendant is guilty solely on the basis of such evidence. You must base your verdict solely on the evidence presented during this trial and these instructions as to the law. And you are obliged under your oath as jurors to follow the law as I've instructed you, whether you agree or disagree with the particular law in question.

The verdict must reflect the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

In conclusion, ladies and gentlemen, I'm sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy. I thank you for your attention and attentiveness.

Adapted from the jury charge of the Honorable Gregory H. Woods
in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021).

**CONCLUSION**

In submitting these requests to charge, the Government respectfully reserves the right to

submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
November 20, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  /s/ _____
Georgia V. Kostopoulos
Katherine Cheng
David R. Felton
Assistant United States Attorneys
(212) 637-2212/-2492/-2299