

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 1, 2024

**BY ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re:  *United States v. James Kelly*, S1 23 Cr. 113 (GHW)

Dear Judge Woods:

  The parties respectfully submit this joint letter in connection with the Court's April 26, 2024 Order directing the parties to provide their positions regarding whether the defendant must be evaluated at a facility within the Bureau of Prisons ("BOP") rather than by the Court-appointed expert, Dr. Cheryl Paradis (Dkt. No. 129).

  **The Government's Position**

  As further detailed below, in light of the defendant's refusal to comply with the competency evaluation by Dr. Paradis that has been ordered by the Court, the Government proposes: (1) holding a court conference at which the Court advises the defendant that he must comply with the competency evaluation and (2) having the Court order a competency evaluation by the BOP pursuant to 18 U.S.C. § 4247(b), with the recommendation that the defendant be evaluated at the Metropolitan Detention Center, Brooklyn ("MDC") where he is already housed. Before evaluation by the BOP is ordered, the Government would not object to having Dr. Paradis examine the defendant at the courthouse, so long as that examination takes place immediately following the proposed court conference and the competency evaluation by the BOP is promptly ordered as an alternative means of evaluating the defendant if he continues to refuse to meet with Dr. Paradis. If Dr. Paradis successfully meets with the defendant at the courthouse for the purposes of conducting her evaluation, the Government believes that an additional evaluation by the BOP will not be necessary.

  Given serious concerns relating to the delay of trial in this case, the Government believes that the competency proceedings ordered by the Court must proceed in a timely and expeditious manner. The defendant was charged and arrested in this case on February 2, 2023 and has been in federal custody for well over a year. Although a trial was initially set for November 27, 2023, the trial has been adjourned three times—the last of which resulted in the trial being adjourned *sine die* during the pendency of Court-ordered competency proceedings.

As set forth in the Government's February 29, 2024 letter to the Court and the parties' March 14, 2024 letter to the Court, the adjournments of trial in this case have imposed significant burdens on victims and witnesses. Witnesses have been forced to repeatedly take unpaid leave from work, postpone personal and professional travel plans, and re-live traumatic events as they prepare for trial testimony. The delays of trial have also prejudiced the Government as the passage of time makes it more difficult to ensure witnesses are available for trial testimony.

After the Court ordered a competency hearing on March 11, 2024, the parties submitted a joint proposal for a competency evaluation process involving examination by an agreed-upon expert, Dr. Paradis, and the Court entered an order on March 15, 2024 (the "March 15 Order") that largely adopted the parties' proposal for the competency evaluation. In the March 15 Order, the Court appointed the expert proposed by the parties, ordered that the expert begin her examination of the defendant beginning the week of April 8, 2024 and to continue thereafter as needed, and directed the expert to submit a report detailing her findings within 14 days of completing her examinations. (Dkt. No. 119).

Consistent with the March 15 Order, the Court-appointed expert attempted to examine the defendant at MDC on three occasions—on April 11, April 21, and April 23, 2024—and the defendant refused to meet with the expert each time. It is now around the time that the competency evaluation put into effect by the March 15 Order should have been completed, but the defendant has not yet met with the Court-appointed expert once.

As a result of the defendant's refusal to meet with the Court-appointed expert, the Government sought the Court's intervention and requested a court conference so the Court could advise the defendant of the competency evaluation it ordered. The Court scheduled a court conference on April 26, 2024 for this purpose, but the defendant refused to be produced for this conference. As a result, the conference was cancelled and the Court directed the parties to submit a joint letter with their respective positions regarding whether the defendant's competency evaluation should be conducted by BOP within a BOP facility that has the capacity to conduct competency reviews, rather than by a Court-appointed expert.

Before the competency evaluation process proceeds in any form, the Government respectfully requests that the Court advise the defendant directly of his need to participate in the competency evaluation that the Court has ordered. Although defense counsel has advised the defendant that the Court has ordered a competency evaluation, the Government believes it is important that the defendant hear so from the Court directly. Indeed, the defendant has never been present in the courtroom when issues relating to his competency have been discussed: the defendant, for example, refused to be produced for the March 11, 2024 conference during which the Court raised questions relating to his competency to stand trial and the competency evaluation of the defendant by the Court-appointed expert was ordered through a written order.

Accordingly, the Government respectfully requests that the Court schedule another court conference on Tuesday, May 7 or Wednesday, May 8, 2024 to advise the defendant of the competency evaluation that the Court has ordered. Given the history in this case, a force order may be needed to ensure that the defendant appears for the conference, which the Government will provide to the Court upon request.

The Government would not object to an order directing Dr. Paradis to evaluate the defendant at the courthouse following the court conference but requests that, if and only if the defendant again refuses to meet with her, the Court immediately enter an order that commits the defendant to a suitable BOP facility for the purposes of a competency evaluation, pursuant to 18 U.S.C. § 4247(b), and recommend that the defendant be examined at the MDC where he is currently housed. As noted above, if Dr. Paradis successfully meets with the defendant at the courthouse following the court conference, the Government believes an additional evaluation by the BOP will not be necessary. Attached hereto as Exhibit A is a proposed order directing Dr. Paradis to evaluate the defendant at the courthouse.

If the defendant again refuses to meet with Dr. Paradis and the Court orders the defendant to be evaluated by the BOP, the Government proposes that the Court recommend that the examination take place at the MDC, which is a "suitable facility closest to the court," 18 U.S.C. § 4247(b).[1] The Government also proposes that the BOP complete the evaluation within 30 days of the defendant's designation to a suitable BOP facility for the purposes of the evaluation and that the BOP report the results of its evaluation to the Court within 14 days of the conclusion of the evaluation. Finally, the Government requests that the Court schedule a status conference shortly after the evaluation report has been prepared to discuss how to proceed. Attached hereto as Exhibit B is a proposed order committing the defendant to a BOP facility—namely, the MDC—for the purposes of a competency evaluation.

**The Defense's Position**

The defense recommends having the parties' selected expert, Dr. Cheryl Paradis, examine Mr. Kelly at the courthouse, on Tuesday, May 7 or Wednesday, May 8, 2024, and continue her examination thereafter as needed. The Government does not object to this proposal, which would permit the defense an opportunity to apprise Mr. Kelly as to the proceedings. The defense suggests that a conference need only occur if a courthouse examination does not go forward. However, if the Court elects to schedule a conference that same day, we take no position as to whether it should occur before the examination.

---

[1] The Government has conferred with senior BOP counsel who confirmed that the MDC is a suitable facility and currently has staff available to conduct the competency evaluation. Additionally, the Government is aware of at least case in which a defendant was committed to the MDC in recent months for a competency evaluation. *See United States v. Randy Ruiz*, 23 Mag. 883, Dkt. No. 29 (S.D.N.Y. Feb. 29, 2024).

At this juncture, the defense would oppose an evaluation by a BOP examiner. However, should a courthouse examination not go forward, the defense would not oppose designating Mr. Kelly to a "suitable facility", as defined in 18 USC § 4247(a)(2), within the Eastern or Southern Districts of New York, preferably the MDC.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Connie L. Dang
Georgia V. Kostopoulos
David R. Felton
Assistant United States Attorneys
Southern District of New York
(212) 637-2543 / -2212 / -2299

cc: Michael Bradley, Esq.
    Donald Yannella, Esq.