Law Office of Meredith S. Heller PLLC
www.mshellerlaw.com

99 Park Avenue, Penthouse Suite
New York, NY 10016
Phone: (646) 661-1808
Fax: (646) 661-1746
msheller@mshellerlaw.com

# MEMORANDUM ENDORSED

April 21, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2025

**VIA ECF**
Honorable Greogry H. Woods
U.S. District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. James Kelly*,
      23-cr-113 (GHW)
      25-495
      Request for Statement of Reasons

Dear Judge Woods:

    This letter regards James Kelly, who was convicted after trial and sentenced before Your Honor on February 27, 2025. Undersigned counsel Meredith S. Heller was appointed in the District Court to represent Mr. Kelly, and undersigned counsel David L. McColgin was appointed by the Second Circuit to represent Mr. Kelly on his pending appeal from this conviction. We are writing to request a copy of the written Statement of Reasons for Mr. Kelly's sentence.

    Mr. McColgin anticipates filing the Statement of Reasons under seal with the Second Circuit Court of Appeals, along with a sealed copy of the presentence report, so that the information in both documents will remain confidential and not available to the public. Mr. McColgin needs to provide a copy of the Statement of Reasons to the Court of Appeals because he anticipates raising arguments on appeal addressing aspects of the sentence that was imposed. This Court's reasons for the sentence will be relevant to these arguments.

    The Second Circuit has directed district courts "to ensure that the judgment and Statement of Reasons be made available promptly to defense counsel and government attorneys." *United States v. Espinoza*, 514 F.3d 209, 212 n.5 (2d Cir. 2008) (observing that a Judicial Conference Report in 2000 stated, "It is important that the judgement and Statement of Reasons forms be made available promptly to defense counsel, government attorneys, financial litigation units of the United States attorneys' office, probation and pretrial services offices, and if a term of imprisonment is imposed, the Federal Bureau of Prisons and the United States Marshals Service."). Other circuits have agreed. *See United States v. Morales-Negron,* 974 F.3d 63, 68–69 (1st Cir. 2020) (noting Judicial Conference policy that Statement of Reasons "be available to counsel directly involved in the case," and remanding for district court to docket sealed copy of Statement of Reasons "and grant defense counsel's request for access"); *United States v. Denny*, 653 F.3d 415, 422 n.3 (6th Cir. 2011) (citing *Espinoza*).

Law Office of Meredith S. Heller PLLC

Hon. Gregory H. Woods
*United States v. James Kelly*
April 21, 2025
Page 2 of 2

  The Statement of Reasons may be critical for appellate review of a sentence, and the Second Circuit in many cases has expressly considered the Statement of Reasons in determining whether there were errors requiring reversal. *See*, *e.g.*, *United States v. Rosa*, 957 F.3d 113, 120 (2d Cir. 2020) ("Given the number of inaccuracies in the SOR [Statement of Reasons], we conclude that the [sentencing] error here affected Rosa's substantial rights."); *United States v. Frink*, No. 22-2666, 2024 WL 747559, at *2 (2d Cir. Feb. 23, 2024) (noting written Statement of Reasons reiterated that court imposed sentence that varied upward from applicable Guidelines range); *United States v. Pattison*, 22-1195-cr, 2024 WL 191373, at *1 (indicating that sentencing court's Statement of Reasons "stated on the record that it arrived at its above-Guidelines sentence partly by way of 'an upward departure for inadequacy of criminal history' and partly 'as a variance under the 3553A factors.'"); *United States v. Oliver*, No. 22-1604-cr, 2023 WL 6289567, at *1 (2d Cir. Sept. 27, 2023) (noting sentencing court considered defendant's mental health history on the record and in written Statement of Reasons).

  Assistant United States Attorney Nathan Rehn has informed counsel that the government has no objection to this request.

  Please let us know if the Court requires any further information. Thank you for your assistance.

Respectfully submitted,

/s/ *Meredith S. Heller*
Meredith S. Heller, Esq.

/s/ *David L. McColgin*
David L. McColgin, Esq.

CC: A.U.S.A. David R. Felton
   A.U.S.A. Nathan Rehn
   A.U.S.A. Adam Z. Margulies

---

Application granted. The Court will have a copy of the statement of reasons sent to counsel for Mr. Kelly under separate cover.

The Court has been informed that Mr. McColgin called chambers and asked a member of the Court's staff to send him a copy of the statement of reasons. The Court's staff member declined to provide the document on the basis of the call and directed counsel to submit any application in writing. The Court's Individual Rules of Practice in Criminal Cases (the "Indiv. Rules") require that, barring urgent circumstances, communications with the Court be made in writing by letter filed on the docket. Indiv. Rules 2(A) and (B). Those rules have many benefits. Among others, they guard against ex parte communications between the Court and parties. And they help to ensure that the Court responds to applications made by people who are authorized to make requests on behalf of a party. The ex parte verbal request for non-public information made by a person who had not entered a notice of appearance in the case appropriately prompted a request that any application be made in writing in accordance with the Court's Individual Rules.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 214.

SO ORDERED.
Dated: April 22, 2025
New York, New York

GREGORY H. WOODS
United States District Judge